JUDGE KAPLAN 10 CIV 5476

Sandra C. McCallion
smccallion@cohengresser.com
Karen H. Bromberg
kbromberg@cohengresser.com
Ellen Paltiel
epaltiel@cohengresser.com
COHEN & GRESSER LLP
800 Third Avenue, 21st Floor
New York, New York 10022
Telephone: (212) 957-7600
Facsimile: (212) 957-4514
*Attorneys for Plaintiff Rauch Industries, Inc.*

RECEIVED
JUL 19 2010
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
:
RAUCH INDUSTRIES, INC,                                  :      10 Civ.
:
                              Plaintiff,                :
:
        - against -                                     :      **COMPLAINT**
:
DAVID STRAND DESIGNS, LLC,                              :
:      Jury Trial Demanded
                              Defendant.                :
:
:
------------------------------------------------------x

        Plaintiff Rauch Industries, Inc. ("Rauch"), by its attorneys, Cohen & Gresser LLP, as and

for its Complaint against defendant David Strand Designs ("DSD") alleges, with knowledge with

respect to its own acts and upon information and belief with respect to all other matters, as

follows:

### NATURE OF THE ACTION

        1.      This is an action for copyright infringement arising out of DSD's blatant

copying of five Christmas tree ornament designs (collectively, the "Original Ornaments"). The

Original Ornaments are unique, high-end ornaments.

00067850

2.     The Original Ornaments were designed by Christopher Radko ("Radko"), a well-known designer in the field of home decor who is particularly celebrated for his designs of Christmas tree ornaments and other holiday season collectables.

3.     The Original Ornaments were first presented for sale in print catalogs. The copyrights for the catalogs with the Original Ornaments were registered by Radko and Radko's former company, Starad, Inc. ("Starad"), and were acquired by and/or assigned to Rauch as part of the sale of Starad to Rauch in March of 2005. Rauch is the valid owner of the registered federal copyrights pursuant to that sale and/or assignment.

4.     David Strand ("Mr. Strand"), the President of DSD, is a former Starad and Rauch employee.

5.     Defendant DSD has infringed Rauch's copyrights in and to the Original Ornaments by copying, advertising for sale, distributing, and/or selling substantially similar "knock offs" (the "Infringing Ornaments") of the Original Ornaments.

6.     Beginning in or around July 2010, DSD has begun advertising for sale, distributing, and/or selling the Infringing Ornaments. On information and belief, unless enjoined, DSD will continue to advertise for sale, distribute, and/or sell the Infringing Ornaments to the public through the DSD website, www.davidstranddesigns.com, and through the many retailers identified there. On information and belief, the Infringing Ornaments will also appear for sale in the 2010 DSD catalog, currently being offered to retailers and the public through the DSD website.

7.     Photographs of the Original Ornaments juxtaposed with the Infringing Ornaments are attached hereto as Exhibits 1 through 5. Even a cursory glance shows that it

cannot seriously be disputed that the Infringing Ornaments are substantially similar to the Original Ornaments.

8.     Rauch did not authorize DSD to copy, produce, manufacture, distribute, market, sell, or use in any manner whatsoever, any of the Infringing Ornaments.

9.     Because of DSD's unauthorized use and improper misappropriation of Rauch's registered copyrights, DSD has unlawfully profited, and, unless enjoined, will continue unlawfully to profit, from its infringement of Rauch's copyrights in and to the Original Ornaments.  Any such profits belong to Rauch as the exclusive owner of the copyrights to the Original Ornaments, and DSD must therefore disgorge them to Rauch.  Alternatively, DSD is liable for statutory damages for its copyright infringement.

10.     DSD's conduct has also negatively affected and, unless enjoined, will continue negatively affecting, the market for Rauch's original works.

11.     Unless DSD's conduct is declared unlawful and enjoined, Rauch's ownership rights in its Original Ornaments will be irreparably harmed, and its identity as the exclusive source for further copies or derivative works may be destroyed.

## THE PARTIES

12.     Plaintiff Rauch is a corporation organized and existing under the laws of the State of North Carolina with its place of business at 830 South Broadway, Tarrytown, New York.

13.     Defendant DSD is a limited liability company organized and existing under the laws of the State of New York with its principal place of business at 2751 Hennepin Avenue South, #7, Minneapolis, MN 55408.

## JURISDICTION AND VENUE

14.     This action for copyright infringement arises under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act").

15.     This Court has subject matter jurisdiction over Rauch's copyright claim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

16.     This Court has personal jurisdiction over DSD because DSD is a domestic corporation doing business in the state of New York and because it displays and/or sells merchandise, including, on information and belief, the Infringing Ornaments, to customers within this District through its website and through retail stores.  DSD's website lists nine stores in New York State, including three stores in this District, which sell its merchandise.  *See* http://www.davidstranddesigns.com/retailer.htm.

17.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400 because:  (i) DSD is a domestic corporation in the State of New York; (ii) on information and belief, a substantial portion of the acts from which this action arises occurred in this State; and (iii) DSD is subject to personal jurisdiction in this District.

## FACTS

### *The Original Ornaments and DSD's Access*

18.     Rauch is the exclusive owner of the copyrights in the following Original Ornaments, images of which appear – together with the images of the corresponding DSD "knock-offs" – on the attached Exhibits 1 through 5:

> i.     a design identified in Exhibit 1 as "Circle of Santas," covered by Registration Certificate No. VA0000597121 and Supplemental Registration No. VA0001066158, issued by the United States Registrar of Copyrights and duly assigned to and owned by Rauch;

    ii.    a design identified in Exhibit 2 as "Far Out Santa," covered by Registration Certificate No. VA0000597123 and Supplemental Registration No. VA0001066160, issued by the United States Registrar of Copyrights and duly assigned to and owned by Rauch;

    iii.    a design identified in Exhibit 3 as "Drummer Santa," covered by Registration Certificate No. VAu000314197 and Supplemental Registration No. VAu000481115, issued by the United States Registrar of Copyrights and duly assigned to and owned by Rauch;

    iv.    a design identified in Exhibit 4 as "Mission Ball Finial," covered by Registration Certificate No. VA0000597124 and Supplemental Registration No. VA0001066161, issued by the United States Registrar of Copyrights and duly assigned to and owned by Rauch; and

    v.    a design identified in Exhibit 5 as "Russian Jewel Hearts," covered by Registration Certificate No. VA0000597122 and Supplemental Registration No. VA0001066159, issued by the United States Registrar of Copyrights and duly assigned to and owned by Rauch.

19.    The Original Ornaments appeared in Starad's 1991, 1993, 1995, 1994, and 1992 catalogs, respectively.

20.    Access to the Original Ornaments can be inferred because: (i) there is a striking similarity between the Original Ornaments and the respective Infringing Ornaments; (ii) Mr. Strand, DSD's President, was employed by Starad and Rauch from 2002 to 2006 and is intimately familiar with the Starad and Rauch product lines; (iii) the designs of the Original Ornaments appeared in publicly-available Starad catalogs; and (iv) the Original Ornaments are

the designs of the celebrated Christopher Radko – the former CEO of Starad – and have been distributed in the United States and around the world.

21.     On information and belief, DSD used the various modes of access described in Paragraph 20 to commit the infringing activities described below.

*The Infringing Activities*

22.     DSD is displaying the Infringing Ornaments on its website to customers around the world and throughout the United States — including customers in this District.

23.     DSD's sale of each of the Infringing Ornaments postdated – beginning in July 2010 – Rauch's initial creation of the corresponding Original Ornament.

24.     On information and belief, the Infringing Ornaments first appeared on the DSD website in or about July 2010 and are therefore not protected by the August 2009 Confidential Settlement and General Release Agreement between Rauch and Strand.

25.     A review of an image of each Original Ornament, juxtaposed with the corresponding Infringing Ornament (*see* Exhibits 1-5), reveals that the Infringing Ornaments are strikingly similar to the Original Ornaments.

*"Circle of Santas"*




Rauch Original Ornament          DSD Infringing Ornament

26.     The Rauch design "Circle of Santas," which is on the left, appeared in Starad's 1991 catalog. The infringing DSD ornament, which is on the right, is also called "Circle of Santas" and appears at http://davidstranddesigns.com/collections_ornaments_balls.htm. *See* Ex. 6. On information and belief, the Infringing Ornament will also appear in the 2010 Strand catalog.

27.     As the above pictures readily illustrate, each ornament is a sphere with a white background divided into equal segments from top to bottom by thin, gold meridian lines. *See also* Ex. 1. Each depicts a virtually identical, highly-stylized Santa holding hands with other Santas. The depiction of Santa on the Infringing Ornament copies the same unusual design found on the Rauch Original Ornament: a thin Santa wearing a red nightdress rather than the usual Santa jacket. The hem of Santa's dress is gold- trimmed and has two gold pompoms arranged vertically just above the hem. The feet of the Santas in both ornaments are turned out in the same ballet first position. Santa's eyes, nose, and mouth are drawn in very simple and identical lines. The Santa on the Infringing Ornament has the same unusual three-pointed beard as the beard on the Original Ornament. Because the Santas are "holding hands," the red arms against the white background form a similar strong geometric element circling the center of each ornament. Stylized plant fronds intersect and decorate where the Santas' hands meet on both renditions of the "Circle of Santas," and each has the same sunburst pattern created by the gold leaves and meridian lines when viewed from the top. Finally, the proportions of the various elements of the Infringing Ornament (width and number of segments; relative height of Santa to meridians; relative proportions of Santa's body parts, including beard and dress, to each other) are virtually identical to the Original Ornament.

*"Far Out Santa"*

 

Rauch Original Ornament                    DSD Infringing Ornament

28.   The Rauch design titled "Far Out Santa," on the left, appeared in Starad's 1993

catalog.  The infringing DSD ornament on the right, called "Baroque Starship," appears at

http://davidstranddesigns.com/collections_ornaments_vintage.htm.  *See* Ex. 6.  On information

and belief, the Infringing Ornament will also appear in the 2010 Strand catalog.

29.   Both the Original and the Infringing Ornaments bring together the same

unlikely elements:  Santa is set inside what appears to be an Elizabethan ruff and holds a

miniature Christmas tree while standing on a blimp-like spacecraft enclosed in netting.  The

Santas in both ornaments have a wide, white striated beard that reaches down to where his two

hands meet at the center of his body.  Each spaceship is eye-shaped, with narrowly-tapered ends,

and both have a white element jutting out one end like exhaust. The body of the Infringing

Ornament's spaceship has, like the Original Ornament, vertical stripes and bands punctuated by

small design elements and dominated by a prominent, shiny, yellow medallion, circled in white,

in the middle of the thickest part of the spacecraft, and centered directly below where Santa

stands.  The general proportions of the Infringing Ornament (width of spaceship; height of Santa;

height of Christmas tree; width of ruff; length of netting; length of exhaust) are virtually identical to those of the Original Ornament.

*"Drummer Santa"*

 



Rauch Original Ornament        DSD Infringing Ornament

30.     The Rauch design on the left, "Drummer Santa," appeared in Starad's 1995 catalog. The infringing DSD ornament on the right, called "A Different Drummer," appears at http://davidstranddesigns.com/collections_ornaments_santas.htm and, on information and belief, will also appear in the 2010 Strand catalog. *See* Ex. 6.

31.     The Infringing Ornament is a virtual replica of the "Drummer Santa" Original Ornament that it copies. *See also* Ex. 3. Like the original, the Infringing Ornament is a gold-colored Santa in a nearly identical pose, attached by a short stem to the right edge of a tilted drum, and holding a doll that is a little, blonde-haired girl with a red dress and a bow, also in an identical pose. As in the Original Ornament, there is an identical fold in Santa's coat on the left shoulder and more folds in the crook of the arm not covered by the doll. As in the Original Ornament, the DSD Santa's jacket does not appear to be fully closed, and the same line of gold can be seen between where the trim almost meets in the center of Santa's body. Both drums are

tilted at the same 45 degree angle, giving each a diamond-shaped outline. Each drum has the same decorations. The proportions of the Infringing Ornament's elements (the drum, the stem, Santa's body, the doll, Santa's beard, and Santa's hat) are all virtually identical to the Original Ornament.

*"Mission Ball Finial"*



| Rauch Original Ornament | DSD Infringing Ornament |

32.    The Rauch design "Mission Ball Finial," shown on the left, appeared in Starad's 1994 catalog. The infringing DSD ornament, on the right, called "Art Deco Finial," appears at http://davidstranddesigns.com/collections_ornaments_finials.htm and, on information and belief, will also appear in the 2010 Strand catalog. *See* Ex. 6.

33.    As the picture illustrates, each ornament consists of three large spheres mounted on a central pole, with the stacked spheres getting smaller from bottom to top and the central pole tapering from bottom to top. *See also* Ex. 4. The bottom length of the pole below the lowest sphere is gold colored in both designs. The top length of the pole is cobalt blue, capped by a thin ring of gold and a small red ball at the very top. Each sphere is divided into three main areas, with a wide, cream-colored band running around the center of the sphere, and two cobalt blue areas around the top and bottom of each sphere. Both designs have geometric decorative elements in the cream-colored central band. Each has small, red triangles, the bases of which sit

on the line between cream and blue, their tips pointing upward. There are also small black points arranged in a continuous "W" pattern around the sphere making a zigzag pattern around the sphere and outlining the red triangles. There are also, in both ornaments, red semi-circles, lined up end-to-end horizontally around the sphere, and these semi-circles are outlined in a yellowish green. The semi-circle pattern is continued in inverse on the upper blue section of each sphere, outlined in yellow, and creating circles where they meet with the semicircles in the cream section.

*"Russian Jewel Hearts"*

 

Rauch Original Ornament          DSD Infringing Ornament

34.    The picture on the left is of the Rauch design "Russian Jewel Hearts," which appeared in Starad's 1992 catalog. The picture on the right shows what DSD calls "Jeweled Hearts," which is at http://davidstranddesigns.com/collections_ornaments_balls.htm and, on information and belief, will also appear in the 2010 Strand catalog. *See* Ex. 6.

35.    The Infringing Ornament, like the Original has a white background divided into three horizontal bands by thin gold lines. *See also* Ex. 5. The central white band of the Infringing Ornament copies exactly the four large red hearts of the Original Ornament, each outlined in gold and crisscrossed by thin gold intersecting diagonal lines creating a diamond pattern. The intersection of the gold lines on the hearts is further decorated with a diamond-

colored jewel element. The bands above and below the central band are also white in background, and both ornaments feature the Original Ornament's six evenly-spaced red isosceles trapezoids outlined in thin gold lines and decorated with twisting gold lines. The Infringing Ornament, like the Original, is similarly topped with a gold-colored cap.

36.     As described in detail in paragraphs 26 through 35, and elsewhere in this Complaint, DSD has plainly and improperly misappropriated Rauch's registered copyrights.

***DSD's Willfulness***

37.     The numerous, striking similarities between the Original Ornaments and the Infringing Ornaments can only be the product of self-conscious, deliberate, and willful infringement by DSD. Further, Mr. Strand, DSD's President, is a former Starad employee and was intimately familiar with Starad's product designs, including the Original Ornaments.

<u>**COUNT I**</u>

**(COPYRIGHT INFRINGEMENT; 17 U.S.C. § 101 ET SEQ.)**

1.     Plaintiff repeats and realleges the allegations set forth above in paragraphs 1 through 37 as if fully set forth herein.

2.     Rauch holds the exclusive copyright to each Original Ornament.

3.     As set forth above, DSD had access to each Original Ornament.

4.     DSD's unauthorized infringement of Rauch's Original Ornaments violates Rauch's exclusive rights in and to the Original Ornaments under the Copyright Act, 17 U.S.C. § 106 and constitutes improper misappropriation of Rauch's registered copyrights.

5.     DSD knowingly induced, caused, participated in, materially contributed to, and/or derived economic benefit from the infringement of Rauch's copyrights in and to the Original Ornaments.

6.     DSD has unlawfully profited, and continues to profit unlawfully, from its infringement of Rauch's copyrights in and to the Original Ornaments in an amount currently unknown.  In addition, DSD's infringing conduct has caused and continues to cause actual damages to Rauch as well as irreparable injury and damage to Rauch in an amount that is not capable of determination.  Unless DSD is enjoined and restrained, DSD's infringing conduct will cause further irreparable injury, leaving Rauch with no adequate remedy at law.

7.     Rauch is therefore entitled to injunctive, monetary, and other relief, including either statutory damages at the maximum amount, due to DSD's willful conduct, or, in the alternative, a recoupment of Rauch's actual damages and a disgorgement of DSD's profits from the sale of the Infringing Ornaments.

**WHEREFORE,** Plaintiff demands a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure on all claims so triable and respectfully requests judgment against DSD as follows:

(a)     declaring that DSD's unauthorized copying of Rauch's copyrights in and to the Original Ornaments willfully infringes copyrights in the Original Ornaments in violation of the Copyright Act;

(b)     permanently enjoining DSD's officers, directors, managers, members, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in concert or participation with them from infringing Rauch's copyrights and other proprietary rights in the Infringing Ornaments or any prior or subsequent versions thereof, by their manufacturing, distributing, selling, or offering for sale any products infringing Plaintiff's copyrights, pursuant to 17 U.S.C. § 502;

(c)    ordering DSD to deliver up for destruction all infringing materials, including all discs, images, drives or other storage media that contain infringing copies of Rauch's copyrighted work;

(d)    awarding to Rauch statutory damages in the amount of $150,000 per work pursuant to 17 U.S.C. § 504(c), or in the alternative, pursuant to 17 U.S.C. § 504(b), (i) awarding Rauch such actual damages as it has sustained as a result of DSD's copyright infringement and profits derived by DSD as a result of its infringing activities, and (ii) ordering DSD to account for and disgorge to Rauch all gains, profits, and advantages derived by its copyright infringement, together with interest thereon;

(e)    awarding to Rauch its costs and attorneys' fees, pursuant to 17 U.S.C. § 505; and

(f)    awarding such other and further relief as the Court deems just and proper.

Dated: July 19, 2010
     New York, New York

**COHEN & GRESSER LLP**

Sandra C. McCallion
smccallion@cohengresser.com
Karen H. Bromberg
kbromberg@cohengresser.com
Ellen Paltiel
epaltiel@cohengresser.com

800 Third Avenue
New York, New York  10022
Telephone:  (212) 957-7600
Facsimile:   (212) 957-4514

*Attorneys for Plaintiff Rauch Industries, Inc.*

00067850
14

# EXHIBIT 1





CIRCLE OF SANTAS

Rauch Industries, Inc.

CIRCLE OF SANTAS

David Strand Current Design

# EXHIBIT 2



FAR OUT SANTA



Rauch Industries, Inc.



BAROQUE STARSHIP

David Strand Current Design

# EXHIBIT 3





**DRUMMER SANTA**

Rauch Industries, Inc.

**A DIFFERENT DRUMMER**

David Strand Current Design

# EXHIBIT 4





**MISSION BALL FINIAL**

Rauch Industries, Inc.

**ART DECO FINIAL**

David Strand Current Design

# EXHIBIT 5





**RUSSIAN JEWEL HEARTS**

Rauch Industries, Inc.

**JEWELED HEARTS**

David Strand Current Design