```
UNITED STATES DISTRICT COURT                    (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
RAUCH INDUSTRIES, INC.,             :   10 Civ. 5476 (LAK) (JCF)
                                    :
             Plaintiff,             :       MEMORANDUM
                                    :       AND  ORDER
   - against -                      :
                                    :
DAVID STRAND DESIGNS, LLC,          :
                                    :
             Defendant.             :
- - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

In this action, the plaintiff, Rauch Industries, Inc. ("Rauch"), alleges that the defendant, David Strand Designs, LLC ("DSD"), infringed its copyrighted designs for Christmas tree ornaments. Rauch now moves pursuant to Rule 37(d)(1)(A)(i) of the Federal Rules of Civil Procedure for sanctions, including judgment by default and an award of attorneys' fees, as a consequence of the failure of DSD's principal, David Strand, to appear for his deposition. The motion is denied.

Background

On November 17, 2010, I issued an order granting the application of DSD's attorneys to withdraw and giving DSD sixty days to secure new counsel. (Order dated Nov. 17, 2010). Although DSD did not obtain representation, Mr. Strand agreed to be deposed in order to provide Rauch with information relevant for settlement discussions and, ultimately, for trial. (Affidavit of Gregory S.

1

Tamkin dated March 9, 2011 ("Tamkin Aff."), ¶¶ 4, 6-8). The deposition was scheduled for March 3, 2011. (Tamkin Aff., ¶ 6 & Exh. 3). However, on March 1, 2011, Mr. Strand contacted Rauch's counsel, Gregory Tamkin, by e-mail, stating, "Unfortunately, due to scheduling conflicts the deposition won't work this week. Perhaps it could be rescheduled for the later part of the week of the 14th when we'll both be in Manhattan." (E-mail from David Strand to Greg Tamkin dated March 1, 2011, 1:21 p.m., attached as part of Exh. 5 to Tamkin Aff.). Mr. Tamkin responded that Mr. Strand did not have the right to "unilaterally cancel," and he warned that failure to appear for the deposition would be grounds for a default. (E-mail from Gregory S. Tamkin to David Strand dated March 1, 2011, 2:26 p.m., attached as part of Exh. 5 to Tamkin Aff.). After a flurry of additional e-mails in which Mr. Strand indicated that he would not appear and Mr. Tamkin reiterated that he was required to, Mr. Strand concluded by saying, "As I've already explained to you in multiple emails I have a conflict, need to reschedule and will not be there tomorrow." (E-mail from David Strand to Greg Tamkin dated March 2, 2011, 6:51 p.m., attached as part of Exh. 5 to Tamkin Aff.). Mr. Tamkin replied that he intended to conduct the deposition the next morning in Minneapolis as scheduled. (E-mail from Greg Tamkin to David Strand dated March 2, 2011, 10:14 p.m., attached as part of Exh. 5 to Tamkin Aff.).

Mr. Tamkin, whose office is in Denver, flew to Minneapolis on March 2 for the deposition. (Tamkin Aff., ¶ 11). Mr. Strand did not appear the next day. (Tamkin Aff., ¶ 11 & Exh. 6). Accordingly, Rauch filed the instant motion, seeking entry of a default judgment and an award of its attorneys' fees.

Discussion

Rule 37(d)(1)(A)(i) provides that a court may order sanctions if "a party or a party's officer, director, or managing agent . . . fails, after being served with proper notice, to appear for that person's deposition." "The imposition of sanctions under Rule 37 is within the discretion of the district court." Gomez v. Volpe, No. 9:06-CV-900, 2008 WL 833942, at *2 (N.D.N.Y. March 27, 2008). No sanctions are warranted in this case because any injury to Rauch was self-inflicted. Prior to the time that Mr. Tamkin commenced traveling to the deposition, he had received unequivocal notice that Mr. Strand would not be attending. Rather than cooperating in an effort to reschedule or contacting the court to seek a ruling, counsel chose to force the issue. By doing so, he assumed the risk that Mr. Strand would not appear. See Multiven, Inc. v. Cisco Systems, Inc., No. C08-05391, 2010 WL 2557335, at *3 (N.D. Cal. June 21, 2010) (denying sanctions where movant had notice that deponent would not appear).

3

Conclusion

For the reasons set forth above, Rauch's motion for sanctions (Docket no. 49) is denied.[1]

SO ORDERED.

*/s/ James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE

Dated: New York, New York
       April 25, 2011

Copies mailed this date to:

Cecilie Howard, Esq.
Christopher G. Karagheuzoff, Esq.
Dorsey & Whitney LLP
250 Park Avenue
New York, New York  10177

Gregory S. Tamkin, Esq.
Dorsey & Whitney LLP
Republic Plaza Building, Suite 4700
370  17th Street
Denver, CO  80202

David Strand Designs, LLC
Attn: David Strand
2751 Hennepin Avenue South, #7
Minneapolis, MN  55408

---

[1] In a report and recommendation filed today, I have recommended that judgment by default be entered against DSD on different grounds.